AO 241                                                                                          Page 2
(Rev. 12/04)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY     - 0 8 - 0 7 8 -

| **United States District Court** | District:  Delaware | |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.: |
| John H. Benge, Jr. | | |
| Place of Confinement :<br>Sussex Correctional Institution<br>Route 113, Georgetown, DE 19947 | Prisoner No.:<br><br>494395 | |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |
| John H. Benge, Jr. | v.    Michael DeLoy, Warden Sussex Corectional<br>Institution; Joseph R. Biden, III, Attorney General | |
| The Attorney General of the State of  Delaware,  Joseph R. Biden, III | | |

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court of the State of Delaware in and for Sussex County; conviciton affirmed by the Supreme
    Court of Delaware

    (b) Criminal docket or case number (if you know):    Case ID No. 0210012355B

2.    (a) Date of the judgment of conviction (if you know):  1/20/2004

    (b) Date of sentencing:    11/7/2005

3.    Length of sentence:    one 6 month and two 15 day terms of imprisonment

4.    In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:

    Possession of a deadly weapon by a person under a Family Court order; two counts of criminal contempt
    of a Family Court order.

6.    (a) What was your plea? (Check one)

    ☐  (1)    Not guilty        ☐    (3)    Nolo contendere (no contest)

    ☑  (2)    Guilty            ☐    (4)    Insanity plea

FILED

FEB - 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 241
(Rev. 12/04)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

Not applicable

(c) If you went to trial, what kind of trial did you have? (Check one)

☐   Jury      ☐   Judge only

7.      Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐   Yes      ☑   No

8.      Did you appeal from the judgment of conviction?

☐   Yes      ☑   No

9.      If you did appeal, answer the following:

(a) Name of court:        Not applicable

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?        ☐   Yes      ☑   No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 12/04)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:    Superior Court of the State of Delaware in and for Sussex County

(2) Docket or case number (if you know):    Case ID No. 0210012355B

(3) Date of filing (if you know):    12/5/2006

(4) Nature of the proceeding:    Rule 35 and 61 motions for postconviction relief

(5) Grounds raised:

Ground One: that the Double Jeopardy protection was violated by the sentences imposed on two counts (Counts 2 and 6) in the indictment that were facially duplicative;

Ground Two: that each of the sentences imposed exceeds the maximum sentence permitted under Apprendi v. New Jersey, 530 U.S. 466 (2001) and Blakely v. Washington, 542 U.S. 296 (2004) and therefore viloated Petioner's right to trial by jury;

Ground Three: that each of the the guilty pleas entered were involuntary as the maximum sentences were not made clear to Petitoner and therefore due process was violated; and

Ground Four: that the prosecution breached the plea agreement between the State and Petitioner, violating Petitoner's right to due process.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 12/04)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:    Not applicable

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes    ☐   No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:    Not applicable

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
The sentences of imprisonment on facially duplicative Count 2 and Count 6 of the indictment violate the Double Jeopardy protection

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitoner was charged with two counts of criminal contempt of a Family Court order; those two counts, Counts 2 and 6 of the indictment, are facially duplicative; sentences on each of those counts, as oppossed to one, are violative of Double Jeopardy.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    motions under Rule 35(a) and 61 of the Superior Court Rules of Criminal Pr

Name and location of the court where the motion or petition was filed:
    Superior Court of the State of Delaware in and for Sussex County

Docket or case number (if you know):    Case ID No. 0210012355 B

Date of the court's decision:    5/2/2007

Result (attach a copy of the court's opinion or order, if available):
    copy attached


(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
    Supreme Court of the State of Delaware

Docket or case number (if you know):    No. 262, 2007

Date of the court's decision:    1/25/2008

Result (attach a copy of the court's opinion or order, if available):
    copy attached - reargument pending


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:


**GROUND TWO:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The sentences imposed in each of the three terms of incarceration in Petitoner's case exceeded the stautory
maximum permitted by the guilty pleas as the sentences were enhaced beyond the applicable presumptive
sentences based upon facts found by the judge rather that by a jury beyond a reasonable doubt; Petitoner did
not waive trial by jury with respect to sentence enhancing factors and the facts involve prior convictions.


(b) If you did not exhaust your state remedies on Ground Two, explain why:


(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes      ☐  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:


(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:        Motions under Rule 35(a) and 61 of the Superior Court Rules of Criminal Pr

Name and location of the court where the motion or petition was filed:
Superior Court of the state of Delaware in and ro Sussex County

Dockct or case number (if you know):     Case ID No. 0210012355 B

Date of the court's decision:      5/2/2007

Result (attach a copy of the court's opinion or order, if available):
copy attached - reargument pending

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes      ☑ No

(4) Did you appeal from the denial of your motion or petition?                          ☑ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Supreme Court of the State of Delaware

Docket or case number (if you know):     No. 262, 2007

Date of the court's decision:     1/25/2008

Result (attach a copy of the court's opinion or order, if available):
copy attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's guilty pleas were not voluntary as mandated by due process because the maximum penalties
applicable to the offenses charged were not explained to Petitioner; the judge who conducted the plea
proceedings and sentencing indicated a maximum penaklty that was applicable to no offenses with which
Petitioner was or could have been charged; the judge further confused the penalties applicable to the offense of
possession of a firearm with those of possession of a deadly weapon, creating a record from which it is
impossible to determine what the maximum penalty applicable

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion under Rule 61 of the Superior Court Rules of Crimiinal Procedure

Name and location of the court where the motion or petition was filed:
Superior Court of the State of Delaware in and fro Sussex County

Docket or case number (if you know):    Case ID No. 0210012355 B

Date of the court's decision:    5/2/2007

Result (attach a copy of the court's opinion or order, if available):
copy attached

(3) Did you receive a hearing on your motion or petition?    ☐  Yes    ☑  No

(4) Did you appeal from the denial of your motion or petition?    ☑  Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑  Yes    ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Supreme Court of the State of Delaware

Docket or case number (if you know):    No. 262, 2007

Date of the court's decision:    1/25/2008

Result (attach a copy of the court's opinion or order, if available):
copy attached - reargument pending

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
        have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The prosecution breached the plea agreement that it made with Petitioner at the time of the plea by arguing at
sentencing for a sentence in excess of the sentence that the prosecution agreed to recommend to the
sentencing judge

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?         ☐ Yes     ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes     ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:      Motion under Rule 61 of the Superior Court Rules of Criminal Procedure

Name and location of the court where the motion or petition was filed:
Superior Court of the State of Delaware iin and for Sussex County

Docket or case number (if you know):    Case ID No. 021001235 B

Date of the court's decision:    5/2/2007

Result (attach a copy of the court's opinion or order, if available):
copy attached

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Supreme Court of the State of Delaware

Docket or case number (if you know):    No. 262, 2007

Date of the court's decision:    1/25/2008

Result (attach a copy of the court's opinion or order, if available):
copy attached - reargument pending

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

✎AO 241
(Rev. 12/04)

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court
        having jurisdiction?    ☑ Yes    ☐ No
        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
        presenting them:

    (b)     Is there any ground in this petition that has not been presented in some state or federal court? If so,
        ground or grounds have not been presented, and state your reasons for not presenting them:
        No

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
    that you challenge in this petition?    ☐ Yes    ☑ No
    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues
    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
    of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
    the judgment you are challenging?    ☐ Yes    ☑ No
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
    raised.

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the
      judgment you are challenging:

      (a) At preliminary hearing:


      (b) At arraignment and plea:
          Joseph A. Hurley, Esq.    1209  King Street, Wilmington, DE 19801

      (c) At trial:


      (d) At sentencing:
          same

      (e) On appeal:


      (f) In any post-conviction proceeding:


      (g) On appeal from any ruling against you in a post-conviction proceeding:


17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

      challenging?            ☑ Yes      ☐ No

      (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

          Superior Court of the Satte of Delaware in and for New Castle County


      (b) Give the date the other sentence was imposed:

      (c) Give the length of the other sentence:        3 years imprisonment

      (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

      future?                  ☑ Yes      ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

      the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

          Running of statute tolled during pendency of state court post-conviction review; Rule 6, Federal Rules of
          Civil Procedure is applicable with respect to the computation of time under the governing statute.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

Page 16

(2)     The time during which a properly filed application for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

issuance of a conditional writ of habeas corpus to the Superior Court of the State of Delaware

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on *Feb. 4, 2008* (month, date, year).

Executed (signed) on *Feb. 4, 2008* (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**T. HENLEY GRAVES**
*RESIDENT JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**ONE THE CIRCLE, SUITE 2**
**GEORGETOWN, DE 19947**

May 2, 2007

John H. Benge, Jr.
SBI# 00494395
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

> Re:    State v. John H. Benge, Jr.
>          Def. ID# 0210012355B

Dear Mr. Benge:

Before the Court are two motions filed by John H. Benge, Jr., formerly John H. Benge, Jr., Esquire (hereinafter referred to as "Benge"). Benge attacks the guilty pleas entered on January 20, 2004, to Possession of a Deadly Weapon By a Person Prohibited and two counts of Criminal Contempt. He was sentenced on January 20, 2004, with the benefit of a presentence investigation. He was previously convicted of Assault in the Second Degree, lessor included offense of Attempted Murder in the First Degree, Criminal Trespass in the First Degree, lessor included offense of Burglary in the Second Degree and Offensive Touching, lessor included offense of Assault in the Second Degree and sentenced by the Honorable E. Scott Bradley to nine (9) years and thirty (30) days at level V pursuant to 11 Del. C. §4204K, followed by six (6) months of level IV work release.

The guilty pleas entered on January 20, 2004, were to charges that had been severed from those Benge went to trial on before the Honorable E. Scott Bradley.[1]

The guilty pleas on January 20, 2004, were made on the morning of trial and were taken as an exception to the Court's general policy on not allowing plea negotiations on the morning of trial. Benge was represented by Joseph A. Hurley, Esquire, an attorney specializing in criminal defense law.

---

[1]Benge also pled guilty to three counts of Wiretaps, two counts of Burglary in the Third Degree, lessor included offenses of Burglary in the Second Degree and Attempted Wiretaps in New Castle County Superior Court on January 13, 2004. Benge was sentenced in New Castle County Superior Court on March 19, 2004 to three (3) years at level V followed by probation.

State v. John H. Benge
Def. ID# 0210012355B
May 2, 2007

In this case, Mr. Hurley filed pretrial motions arguing that count 6 (weapon offense) and count 12 (contempt) were "multiplicious." He also argued counts 11 and 12 (both contempt charges) were "multiplicious."

On January 20, 2004, the Court questioned the similarity of the weapon offense and the contempt offense. The defense then specifically waived this issue, seeking to pursue the plea bargain. The negotiated plea recommendation was for probation on the weapon offense and fifteen (15) days on each of the contempt offenses.

After accepting the plea, reviewing the presentence report generated for Judge Bradley's sentence, Benge ultimately[2] received the following sentences:

> Count 6 - Possession of a Deadly Weapon by a Person Prohibited - 2 years at level V suspended after serving 6 months under 11 Del. C. § 4204K, followed by 12 months level 2.
>
> Count 11 - Contempt/PFA - 15 days at level V.
>
> Count 12 - Contempt/PFA - 15 days at level V.

There was no appeal. In December, 2006, Benge filed a Motion for Post-Conviction Relief and a Motion for Rule 35 Relief. They tracked each other and perhaps were filed based on the cautiousness of what Benge learned as a practicing attorney, i.e. cover all bases.

## The Rule 61 Claims

(a) Count 6, the weapon offense, and count 12 are in reality the same charge and are barred by double jeopardy. Count 6 alleges he had a weapon but was prohibited from same by a Family Court PFA. Count 12 alleges he failed to obey the order by possessing a firearm.

(b) *Apprendi v. New Jersey, 530 U.S. 466 (2007)* and *Blakely v. Washington, 542 U.S. 296 (2004)* require a jury to make the factual determinations necessary before a judge can sentence above SENTAC guidelines.

(c) The pleas were not made knowingly, voluntarily and intelligently.

---

[2]The sentence was later corrected to reduce probation from 18 months to 12 months on Count 6.

2

State v. John H. Benge
Def. ID# 0210012355B
May 2, 2007

      (d) The State breached the plea agreement as to the recommendation.

## The Rule 35 Claims

      (a) The same double jeopardy claim raised in the Rule 61 motion.

      (b) The same Apprendi claim made in the Rule 61 motion.

## The Plea

      Prior to the plea, the Court told Benge that, although there was a recommendation as to the sentence, it was not binding on the Court. Being aware of same, Benge chose to proceed with the entry of the plea.

      During the plea, the Court raised its concern, as raised in the earlier defense motion, that the weapon offense and contempt offense might be problematic under *Blockberger*.[3] The defense specifically waived this potential objection or problem.

      Benge admitted he possessed a deadly weapon while prohibited from doing so, and that he was in contempt of two Protection from Abuse ("PFA") orders issued by Family Court. He knew he faced two (2) years on the weapon offense and one year each on the contempt offenses. He understood he could get up to four (4) years total.

      He advised he had gone through the guilty plea form line by line with Mr. Hurley and that he understood it. He had no questions about it. After reviewing all of his trial rights, he advised the Court he wished to waive those rights and plead guilty.

      With the agreement of the parties, the Court sentenced Benge, after reviewing the presentence report from the earlier trial.

      At sentencing, Mr. Hurley laid out the position concerning its pretrial motions and then noted that "my client has waived the ability to make those arguments premised upon what he believes is a fair sentencing recommendation by the State and knowing that the Court is not bound by the recommendation."

_____

[3]*Blockberger v. United States, 284 U.S. 299 (1932).*

3

State v. John H. Benge
Def. ID# 0210012355B
May 2, 2007

Prior to the plea the State informed the Court of it's recommendation. In the comments at sentencing, the State did not recommend any additional time directly or by inference. When the defense was permitted to respond to the State's remarks, as is my custom, no complaints were voiced that the State had violated the recommendation by making it's comments.

## Procedural Bars

Each of the claims made in Benge's Rule 61 motion were known at the time he was sentenced. This includes the claim that his plea was not knowingly, voluntarily and intelligently entered, because Benge states he knew the law, including Apprendi, at the time of his sentence and was confused. All of Benge's claims could have been raised on appeal, but he chose not to appeal. Therefore, Rule 61(i)(3) is applicable in that he has not shown cause for not pursuing an appeal of known claims, nor has he shown prejudice. The interest of justice exception contained in Rule 61(i)(5) should not be a door opener when the defendant, a legally trained individual, and/or his attorney, were aware of all of the above claims but chose not to appeal them. Under these facts, the claims are waived. Finally, I note that Benge does not attack his attorney as ineffective.

## Alternative Ruling - Merits

In the event that it is determined that Benge's claims are not procedurally barred, I deny them based on the merits.

(a) Double jeopardy - I find that any claim that the charges were duplications were waived (i) by the entry of the guilty plea, *Haskins v. State*, Del. Supr. 188, 1991, Moore, J. C. *(August 19, 1001) (Order)*; and (ii) by Benge's knowing and voluntary waiver, done in order to obtain a plea recommendation. Benge is bound by his agreement and the waiver in open Court. If a person can plead guilty to a charge that does not exist, *Downer v. State*, Del. Supr. 543 A.2d *309 (1988)*, he surely can waive his known constitutional rights pursuant to a plea. He is estopped from now taking a contrary position.

(b) *Apprendi* does not limit this Court's authority to sentence up to the statutory maximum, *Riego v. State*, Del. Supr., 171, 2005, Jacobs, J. B. (October 4, 2005) (Order); *Shabazz v. State*, Del. Supr., 545, 2004, Ridgely (June 14, 2005) (Order); *Benge v. State*, Del. Supr., 137, 2004, Berger (November 12, 2004) (Order); *Siple v. State*, Del. Supr., 453, 1996, *Holland.* The SENTAC guidelines are just that, guidelines.

(c) The defendant claims his plea was not knowingly, intelligently and voluntarily entered as to Court 6, Possession of a Deadly Weapon By A Person Prohibited. He was charged in the indictment with this offense, specifically 11 Del. C. § 1448(a)(6). In the negotiations, as

4

State v. John H. Benge
Def. ID# 0210012355B
May 2, 2007

established on the record, and in the guilty plea form, the maximum penalty was stated to be two
(2) years. Now Benge argues that, because it could have been eight (8) years because he
possessed a firearm, his plea was not entered knowingly, voluntarily and intelligently. This
argument is absurd and is denied for the following reasons:

> (1)     The statute contains two potential penalties. Benge's negotiations resulted
>         in him being exposed to the lower of the two.
>
> (2)     The Court sentenced Benge to the lower of the possible sentences, i.e., he
>         did not get anything more then he thought he was potentially going to get.
>
> (3)     Finally, he attacks the prosecutor for creating the problem in the guilty
>         plea form. I note that the guilty plea form was filled out by the defendant
>         and his lawyer, not the prosecutor. The guilty plea form tracks the plea as
>         stated on the record. The only confusion is that which the defendant
>         attempts to create.

(d) There is no factual basis to infer that the prosecutor violated the agreement. The
Court was told by the prosecutor that the State was recommending fifteen (15) days each on the
contempt charges and probation on the weapon offense. Her final sentencing comments were
directed to why the thirty (30) days was appropriate and nothing more.

### Conclusion

In summary, Benge's Post Conviction Motion is denied as being procedurally barred.
Alternatively, it is denied as to the merits. Likewise, the Rule 35 Motion is denied for the
reasons stated above.

Very truly yours,

T. Henley Graves

THG:jfg
cc:     Prothonotary's Office
        Melanie Withers, Esquire, Department of Justice

5

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN H. BENGE, JR., | § | |
| | § | No. 262, 2007 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | in and for Sussex County |
| STATE OF DELAWARE, | § | Cr. ID No. 0210012355B |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: December 7, 2007
Decided: January 25, 2008

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices

Upon appeal from the Superior Court. **AFFIRMED.**

John H. Benge, Jr., *pro se.*

Loren C. Meyers, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

**HOLLAND**, Justice:

The defendant-appellant, John H. Benge, Jr., filed an appeal from the Superior Court's May 2, 2007 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61 and for correction of an illegal sentence pursuant to Superior Court Criminal Rule 35(a). We find no merit to the appeal. Accordingly, we affirm.

### *Facts*

In August 2003, Benge was found guilty by a Superior Court jury of Assault in the Second Degree, Offensive Touching, and Criminal Trespass in the First Degree. The convictions were affirmed on direct appeal.[1] Three charges that had been severed from the original indictment were set for trial in January 2004. On the day of trial, Benge pleaded guilty to all three charges, consisting of two counts of Criminal Contempt of a Domestic Violence Protective Order and one count of Possession of a Deadly Weapon by a Person Prohibited. Benge was sentenced to fifteen days at Level V on each of the criminal contempt convictions. On the weapon conviction, he was sentenced to two years at Level V, to be suspended after six months for probation. Benge did not file a direct appeal from those convictions.

---

[1] *Benge v. State*, No. 544, 2003, 2004 WL 2742314 (Del. Nov. 15, 2004).

2

### *Issues on Appeal*

In this appeal from the Superior Court's denial of his Rule 61 and Rule 35(a) claims, Benge argues that the Superior Court improperly determined that:  first, his challenge to his guilty plea was procedurally defaulted and there was no evidence that he had been prejudiced by error committed at the plea colloquy; second, his double jeopardy claim was procedurally defaulted and had been waived at the time the guilty plea was entered; third, his claim of an illegal sentence under *Apprendi v. New Jersey*,[2] was time-barred and meritless; and fourth, his claim that the prosecutor breached the plea agreement was procedurally defaulted and meritless.

### *Guilty Plea*

Benge's first claim is that the Superior Court improperly ruled that his challenge to his guilty plea was procedurally defaulted and that the procedural default could not be overcome in the absence of any evidence that Benge was prejudiced by error committed during the plea colloquy. The Superior Court correctly determined that Benge's challenge to his guilty plea was procedurally defaulted because it had not been raised on direct appeal.[3] Moreover, the Superior Court correctly determined that Benge had failed to

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2001).
[3] Super. Ct. Crim. R. 61(i)(3).

3

overcome the procedural default. While it is true that the guilty plea form and statements by the sentencing judge erroneously reflected a possible maximum sentence of two, rather than eight, years at Level V, Benge, in fact, was sentenced to only two years at Level V. Thus, in the absence of any evidence of prejudice as a result of the error, the Superior Court properly denied this claim.[4]

### *Double Jeopardy*

Benge's second claim is that Superior Court improperly ruled that his double jeopardy claim was procedurally defaulted and had been waived at the time he entered his guilty plea. Again, the Superior Court correctly determined that Benge's double jeopardy claim was procedurally defaulted because it had not been raised on direct appeal.[5] Moreover, the record reflects that, prior to trial, Benge's attorney filed a motion to dismiss the criminal contempt and weapon charges on the ground of multiplicity. When the judge raised the issue during the guilty plea colloquy, Benge's attorney stated, " . . . we're waiving that . . . ." Likewise, at the sentencing hearing, Benge's attorney stated, " . . . my client has waived . . . those arguments premised upon what he believes is a fair sentencing recommendation by the State . . . ." Under Delaware law, a voluntary guilty plea constitutes a

---

[4] Super. Ct. Crim. R. 61(i)(3)(A) and (B).
[5] Super. Ct. Crim. R. 61(i)(3).

4

waiver of any alleged errors or defects occurring prior to the entry of the plea, including a multiplicity defect.[6] In the absence of any evidence that his plea was involuntary, and in light of his attorney's express waiver of any multiplicity defect, we conclude that the Superior Court properly denied this claim.

### *Apprendi Claim*

Benge next argues that the Superior Court improperly rejected his claim of an *Apprendi* violation on the grounds of untimeliness and lack of merit.     The Superior Court correctly determined that Benge's *Apprendi* claim, which was a claim that his sentence was imposed in an illegal manner, was time-barred[7] and correctly determined that Benge's *Apprendi* claim was without merit in any case. In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[8] In *Harris v. United States*, the Court refined that principle by holding that a jury need not consider facts that impact the length of a sentence that is within the statutory

---

[6] *Hall v. State*, No. 649, 2006, 2007 WL 3170467 (Del. Oct. 30, 2007) (citing *Downer v. State*, 543 A.2d 309, 312 (Del. 1988) (holding that a curable defect may be waived by a voluntary guilty plea)).

[7] Super. Ct. Crim. R. 35(b).

[8] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2001).

range.[9]  In addition, this Court has ruled that *Apprendi* and its progeny do not impact the Delaware sentencing scheme due to the voluntary and non-binding character of the Truth in Sentencing guidelines.[10]  Thus, for all of the above reasons, we conclude that the Superior Court properly denied this claim.

### *Plea Agreement*

Benge's fourth, and final, claim is that the Superior Court improperly ruled that his claim of a violation of the plea agreement by the prosecutor was procedurally defaulted and meritless.  The Superior Court correctly determined that Benge's claim of a violation of the plea agreement by the prosecutor was procedurally defaulted because it had not been raised on direct appeal.[11]  Moreover, the record reflects that, in exchange for Benge's guilty plea, the State agreed to recommend, and did recommend, a Level V sentence of two years, to be suspended for one year at Level III, on the weapon charge and a Level V sentence of one year, to be suspended after fifteen days at Level III, on each of the criminal contempt charges.  At the sentencing hearing, the prosecutor stated that the purpose of the fifteen-day

---

[9] *Harris v. United States*, 536 U.S. 545, 563-64 (2002); *Brown v. State*, Del. Supr., No. 196, 2002, Berger, J. (Oct. 10, 2002) (citing *Harris v. U.S.*, 536 U.S. 545 (2002)).

[10] *Quandt v. State*, No. 28, 2007, 2007 WL 2229017 (Del. Aug. 3, 2007) (citing *Benge v. State*, No. 137, 2004, 2004 WL 2742314 (Del. Nov. 12, 2004)).

[11] Supr. Ct. Crim. R. 61(i) (3).

6

criminal contempt sentences was to place upon the record the fact that Benge had disobeyed a court order. While Benge argues that the statement violated the plea agreement by placing an "aggravating factor" before the judge, the record more reasonably reflects that the statement merely served to explain to the judge the rationale behind the State's sentencing recommendation.[12]    Thus, we conclude that the Superior Court judge also properly denied Benge's fourth, and final, claim.

### Conclusion

The judgment of the Superior Court is affirmed.

---

[12] *United States v. Queensborough*, 227 F.3d 149, 157-58 (3d Cir. 2000).

I/M: J. Benge _____ BLDG. Merit West
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

OFFICE OF THE CLERK
United States District Court
United States Courthouse
844 North King Street   Lock box 18
Wilmington DE
19801

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

02-78

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JOHN H. BENGE, Jr.

## DEFENDANTS

MICHAEL DELOY, WARDEN
JOSEPH R. BIDEN, III, ATTORNEY GENERAL

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SUSSEX COUNTY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  2 7 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

G 1  U.S. Government
Plaintiff

☒  Federal Question
(U.S. Government Not a Party)

G 2  U.S. Government
Defendant

G 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                       and One Box for Defendant)

|  | PLF | DEF |  | DEF |
|---|---|---|---|---|
| Citizen of This State | G 1 | G 1 | Incorporated or Principal Place  G 4 | G 4 |
|  |  |  | of Business In This State |  |
| Citizen of Another State | G 2 | G 2 | Incorporated and Principal Place  G 5 | G 5 |
|  |  |  | of Business In Another State |  |
| Citizen or Subject of a | G 3 | G 3 | Foreign Nation  G 6 | G 6 |
| Foreign Country |  |  |  |  |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| G 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | G 610 Agriculture | G 422 Appeal 28 USC 158 | G 400 State Reapportionment |
| G 120 Marine | G 310 Airplane / G 362 Personal Injury— | G 620 Other Food & Drug |  | G 410 Antitrust |
| G 130 Miller Act | G 315 Airplane Product / Med. Malpractice | G 625 Drug Related Seizure | G 423 Withdrawal | G 430 Banks and Banking |
| G 140 Negotiable Instrument | Liability / G 365 Personal Injury — | of Property 21 USC | 28 USC 157 | G 450 Commerce/ICC Rates/etc. |
| G 150 Recovery of Overpayment | G 320 Assault, Libel & / Product Liability | G 630 Liquor Laws |  | G 460 Deportation |
| & Enforcement of Judgment | Slander / G 368 Asbestos Personal | G 640 R.R. & Truck | **PROPERTY RIGHTS** | G 470 Racketeer Influenced and |
| G 151 Medicare Act | G 330 Federal Employers' / Injury Product | G 650 Airline Regs. | G 820 Copyrights | Corrupt Organizations |
| G 152 Recovery of Defaulted | Liability / Liability | G 660 Occupational | G 830 Patent | G 810 Selective Service |
| Student Loans | G 340 Marine / **PERSONAL PROPERTY** | Safety/Health | G 840 Trademark | G 850 Securities/Commodities/ |
| (Excl. Veterans) | G 345 Marine Product / G 370 Other Fraud | G 690 Other |  | Exchange |
| G 153 Recovery of Overpayment | Liability / G 371 Truth in Lending |  | **SOCIAL SECURITY** | G 875 Customer Challenge |
| of Veteran's Benefits | G 350 Motor Vehicle / G 380 Other Personal | **LABOR** |  | 12 USC 3410 |
| G 160 Stockholders' Suits | G 355 Motor Vehicle / Property Damage | G 710 Fair Labor Standards | G 861 HIA (1395ff) | G 891 Agricultural Acts |
| G 190 Other Contract | Product Liability / G 385 Property Damage | Act | G 862 Black Lung (923) | G 892 Economic Stabilization Act |
| G 195 Contract Product Liability | G 360 Other Personal Injury / Product Liability | G 720 Labor/Mgmt. Relations | G 863 DIWC/DIWW (405(g)) | G 893 Environmental Matters |
|  |  |  | G 864 SSID Title XVI | G 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | G 730 Labor/Mgmt.Reporting | G 865 RSI (405(g)) | G 895 Freedom of |
| G 210 Land Condemnation | G 441 Voting / G 510 Motions to Vacate | & Disclosure Act |  | Information Act |
| G 220 Foreclosure | G 442 Employment / Sentence | G 740 Railway Labor Act | **FEDERAL TAX SUITS** | G 900Appeal of Fee Determination |
| G 230 Rent Lease & Ejectment | G 443 Housing/ / Habeas Corpus: |  | G 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| G 240 Torts to Land | Accommodations / ☒ 530 General | G 790 Other Labor Litigation | or Defendant) | Justice |
| G 245 Tort Product Liability | G 444 Welfare / G 535 Death Penalty |  |  | G 950 Constitutionality of |
| G 290 All Other Real Property | G 440 Other Civil Rights / G 540 Mandamus & Other | G 791 Empl. Ret. Inc. | G 871 IRS—Third Party | State Statutes |
|  | / G 550 Civil Rights | Security Act | 26 USC 7609 | G 890 Other Statutory Actions |
|  | / G 555 Prison Condition |  |  |  |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original
Proceeding

G 2  Removed from
State Court

G 3  Remanded from
Appellate Court

G 4  Reinstated or
Reopened

G 5  Transferred from
another district
(specify)

G 6  Multidistrict
Litigation

G 7  Appeal to
District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

habeas corpus — state prisoner

## VII. REQUESTED IN
COMPLAINT:

G  CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    G Yes    G No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):

JUDGE  GREGORY M. SLEET

DOCKET NUMBER
05-0550
05-0551

DATE  2/12/08

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____