IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN H. BENGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. Act. No. 08-78-GMS |
| ) | |
| G.R. JOHNSON, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

**I. INTRODUCTION**

In March, 2011, the court denied petitioner John H. Benge's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 after determining that his double jeopardy and *Apprendi/Blakely* claims lacked merit and his involuntary plea claims were procedurally barred. (D.I. 32) Presently pending before the court is Benge's motion to alter or amend judgment filed pursuant to Federal Rule of Civil Procedure 59(e). (D.I. 33)

**II. STANDARD OF REVIEW**

Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*,

176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument and/or reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

### III. DISCUSSION

Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied Benge's petition on March 31, 2011. (D.I. 32) The instant motion is dated April 28, 2011, the envelope in which the motion was mailed is post-marked April 29, 2011, and the motion was docketed on May 2, 2012 (D.I. 33) Applying the prisoner mailbox rule to the date on Benge's motion, the court concludes that the instant motion is timely.

Nevertheless, the court concludes that Benge's motion fails to warrant relief. Benge contends that the court incorrectly denied claim one as procedurally barred, because the confusion created during the plea colloquy regarding the penalty to be imposed constituted cause for Benge's procedural default of the claim at the state court level. Benge also contends that the court incorrectly denied claim three, and reasserts his argument that the enhancement of his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). However, neither of these arguments warrant reconsideration of the court's decision, because they merely assert Benge's disagreement with the court's conclusion, and attempt to reargue issues already decided. Accordingly, the court will deny Benge's Rule 59(e) motion.

### IV. CONCLUSION

For the aforementioned reasons, the court will deny Benge's Rule 59(e) motion. In addition, the court will not issue a certificate of appealability, because Benge has failed to make a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

_March 14, 2012_
DATE

_[signature]_
CHIEF, UNITED STATES DISTRICT JUDGE